# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Angela M. Velasquez<br>_Debtor_ | CHAPTER 13 |
| MidFirst Bank<br>_Movant_<br>vs. | NO. 15-11644 ELF |
| Angela M. Velasquez<br>_Debtor_ | |
| William C. Miller Esq.<br>_Trustee_ | 11 U.S.C. Section 362 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$9,417.91,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | January 1, 2017 through July 1, 2017 at $740.10/month |
| | August 1, 2017 through February 1, 2018 at $432.97/month |
| Late Charges: | January 16, 2017 through July 16, 2017 at $29.60/month |
| | August 16, 2017 through January 16, 2018 at $17.31/month |
| Uncollected Late Charges: | $11.23 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| Suspense Balance: | $146.87 |
| **Total Post-Petition Arrears** | **$9,417.91** |

2. The Debtor(s) shall cure said arrearages in the following manner:

a). Debtor(s) shall modify the Chapter 13 Plan to provide for payment of the post-petition arrears of **$9,471.91** through the Plan, plus the pre-petition arrears, and within seven (7) days of the court order approving of and/or granting this stipulation, Debtor(s) shall file any motions necessary under the court rules to accomplish said Plan modification;

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$9,417.91** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due March 1, 2018 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $432.97 (or as adjusted

pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   January 31, 2018

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date:_____

/s/ Stephen Matthew Dunne
Stephen Matthew Dunne
Attorney for Debtor

Date: 2/14/2018

_____
William C. Miller
Chapter 13 Trustee

**NO OBJECTION**

*without prejudice to any
trustee rights or remedies

Approved by the Court this _____ day of _____, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank