United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 15-11644-elf
Angela Maria Velasquez                                             Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: ChrissyW          Page 1 of 1          Date Rcvd: Apr 04, 2018
                             Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 06, 2018.
db            +Angela Maria Velasquez,    2071 East Victoria Street,    Philadelphia, PA 19134-2111

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                    TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 06, 2018                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 4, 2018 at the address(es) listed below:
          ANDREW F GORNALL    on behalf of Creditor   MidFirst Bank agornall@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          JOSHUA ISAAC GOLDMAN    on behalf of Creditor   MidFirst Bank bkgroup@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          KEVIN G. MCDONALD    on behalf of Creditor   MidFirst Bank bkgroup@kmllawgroup.com
          MATTEO SAMUEL WEINER    on behalf of Creditor   MidFirst Bank bkgroup@kmllawgroup.com
          REBECCA ANN SOLARZ    on behalf of Creditor   MidFirst Bank bkgroup@kmllawgroup.com
          STEPHEN MATTHEW DUNNE    on behalf of Debtor Angela Maria Velasquez bestcasestephen@gmail.com,
           dunnesr74587@notify.bestcase.com
          THOMAS I. PULEO    on behalf of Creditor   MidFirst Bank tpuleo@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,  philaecf@gmail.com
                                                                              TOTAL: 9

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Angela M. Velasquez | CHAPTER 13 |
| _____ Debtor _____ | |
| MidFirst Bank | |
| _____ Movant _____ | |
| vs. | NO. 15-11644 ELF |
| Angela M. Velasquez | |
| _____ Debtor _____ | |
| William C. Miller Esq. | 11 U.S.C. Section 362 |
| _____ Trustee _____ | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.     The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$9,417.91,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | January 1, 2017 through July 1, 2017 at $740.10/month |
| | August 1, 2017 through February 1, 2018 at $432.97/month |
| Late Charges: | January 16, 2017 through July 16, 2017 at $29.60/month |
| | August 16, 2017 through January 16, 2018 at $17.31/month |
| Uncollected Late Charges: | $11.23 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| Suspense Balance: | $146.87 |
| **Total Post-Petition Arrears** | **$9,417.91** |

2.     The Debtor(s) shall cure said arrearages in the following manner:

a). Debtor(s) shall modify the Chapter 13 Plan to provide for payment of the post-petition arrears of **$9,471.91** through the Plan, plus the pre-petition arrears, and within seven (7) days of the court order approving of and/or granting this stipulation, Debtor(s) shall file any motions necessary under the court rules to accomplish said Plan modification;

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$9,417.91** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.      Beginning with the payment due March 1, 2018 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $432.97 (or as adjusted

pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges

being assessed after the 15th of the month).

      4.      Should Debtor provide sufficient proof of payments made, but not credited (front &

back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

      5.      In the event the payments under Section 3 above are not tendered pursuant to the

terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing

and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor

should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default

with the Court and the Court shall enter an Order granting Movant immediate relief from the

automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

      6.      If the case is converted to Chapter 7, Movant shall file a Certification of Default

with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

      7.      If the instant bankruptcy is terminated by either dismissal or discharge, this

agreement shall be null and void, and is not binding upon the parties.

      8.      The provisions of this stipulation do not constitute a waiver by Movant of its right to

seek reimbursement of any amounts not included in this stipulation, including fees and costs, due

under the terms of the mortgage and applicable law.

      9.      The parties agree that a facsimile signature shall be considered an original

signature.

Date:    January 31, 2018        By: /s/ Rebecca A. Solarz, Esquire
                                 Rebecca A. Solarz, Esquire
                                 Attorney for Movant
                                 KML Law Group, P.C.
                                 701 Market Street, Suite 5000
                                 Philadelphia, PA 19106-1532
                                 (215) 627-1322 FAX (215) 627-7734

Date:_____      /s/ Stephen Matthew Dunne
                                 Stephen Matthew Dunne
                                 Attorney for Debtor

Date: 2/14/2018

                                 William C. Miller
                                 Chapter 13 Trustee

**NO OBJECTION**

**\*without prejudice to any
trustee rights or remedies**

# O R D E R

The foregoing Stipulation is **APPROVED**.

Date:  4/4/18

_____

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**